**IN THE COURT OF APPEALS OF IOWA**

No. 19-1624
Filed August 4, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORNELIUS GULLY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Gina Badding, Judge.

A defendant appeals his conviction for first-degree burglary.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**TABOR, Presiding Judge.**

A jury convicted Cornelius Gully of first-degree burglary. Now Gully contends counsel was ineffective in failing to object to a jury instruction. Because we lack the authority to decide ineffective-assistance-of-counsel claims on direct appeal, we affirm.

The State accused Gully of breaking into his ex-girlfriend's home and assaulting her. At trial, the prosecutor played a phone call in which Gully asked the victim to drop the charges. Gully also said she "deserved it." The court submitted an instruction allowing the jury to consider Gully's earlier statements "as if they had been made at this trial." Defense counsel did not object.

The jury found Gully guilty as charged. The court sentenced him in September 2019. He timely appealed. The following June, the supreme court decided an almost identical jury instruction was "a misstatement of the law." *State v. Shorter*, 945 N.W.2d 1, 11 (2020) (noting faulty instruction may not be "necessarily prejudicial in a given case"). On appeal, Gully contends his trial counsel was constitutionally ineffective in failing to object to that instruction. The State concedes the instruction was wrong. Yet the State argues we cannot address Gully's claim. We agree.

A legislative amendment removed our authority to decide ineffective-assistance-of-counsel claims on direct appeal. Iowa Code § 814.7 (2019). Instead, such claims "shall be determined by filing an application for postconviction relief pursuant to chapter 822." *Id.* Because of that amendment, Gully must wait for a postconviction-relief court to hear his argument.

Recognizing our limited authority, Gully contends section 814.7 violates his right to effective assistance of counsel and improperly restricts the role and jurisdiction of Iowa appellate courts. He raises both a separation-of-powers argument and a jurisdictional argument. After briefing concluded in this case, the supreme court rejected those arguments. *See State v. Tucker*, 959 N.W.2d 140, 152–53 (Iowa 2021); *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (clarifying that amended section 814.7 "does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal"). The supreme court also rebuffed a claim that section 814.7 violates the right to counsel. *See State v. Treptow*, 960 N.W.2d 98, 107–08 (Iowa 2021). So Gully's constitutional arguments fail.

As a final fallback, Gully contends that if we cannot decide his ineffective-assistance claim on direct appeal, we should adopt and reverse on plain error. *See, e.g.*, Fed. R. Crim. P. 52(b) (allowing an appellate court to consider "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention"). But that argument has not gained traction with our supreme court either. *See Treptow*, 960 N.W.2d at 109 (collecting cases).

Because our supreme court has foreclosed each of Gully's contentions, we affirm the conviction. Gully's ineffective-assistance-of-counsel claim must await a postconviction-relief action.

**AFFIRMED.**